**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

PABLO VICTORIA-MELO, and　　　　　　　：
DASTENIA VICTORIA,　　　　　　　　　　：
　　　　　　　Plaintiffs,　　　　　　　　：
　　　　　　　　　　　　　　　　　　　　：
　　　　　v.　　　　　　　　　　　　　　：　　Civil No.:  5:25-cv-07282-JMG
　　　　　　　　　　　　　　　　　　　　：
　　　　　　　　　　　　　　　　　　　　：
TRAVELERS PROPERTY CASUALTY　　　　：
COMPANY OF AMERICA,　　　　　　　　　：
　　　　　　　Defendant.　　　　　　　　：

_____

**MEMORANDUM OPINION**

**Gallagher, J.**　　　　　　　　　　　　　　　　　　　　　　　**May 14, 2026**

## I.　　OVERVIEW

Plaintiffs Pablo Victoria-Melo and Dastenia Victoria ("Plaintiffs") commenced a civil action against Travelers Property Casualty Company of America ("Defendant" or "Travelers") by filing a complaint in the Court of Common Pleas of Northampton County. Plaintiff Pablo Victoria-Melo alleges that he suffered serious injuries while unloading goods from a tractor-trailer in the course and scope of his employment when a vehicle operated by a third party suddenly and without warning struck and ran over his foot. Plaintiffs claim that, at the time of the accident, Plaintiff Victoria-Melo was occupying and using a commercial vehicle insured under a policy issued by Travelers and that the policy should be reformed to provide $5,000,000 in underinsured motorist ("UIM") coverage pursuant to Pennsylvania law. Plaintiffs further allege that Travelers improperly denied coverage and acted in bad faith in refusing to provide UIM benefits arising from the accident. Travelers removed this matter to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, alleging that complete diversity exists between the parties and that the amount in controversy exceeds $75,000. Plaintiffs now move to remand the case to the Northampton County Court of Common Pleas or alternatively request that the Court abstain from exercising jurisdiction, contending that Defendant has

failed to establish the amount in controversy and that the action presents unsettled issues of Pennsylvania insurance law better resolved by the state courts. Because the Court concludes that diversity jurisdiction exists and abstention is not warranted, Plaintiffs' Motion will be denied.

## II.    BACKGROUND

This insurance coverage dispute arises from an October 4, 2021 motor vehicle accident in Falls Church, Virginia. ECF No. 1-4 ¶¶ 22-23. According to the Complaint, Plaintiff Pablo Victoria-Melo was employed as a truck driver for Kehe Distributors, Inc. and was unloading goods from a tractor-trailer when a vehicle operated by non-party Wynn Tran struck and injured him. *Id.* ¶¶ 22-26. Plaintiffs allege that Plaintiff. Victoria-Melo sustained significant injuries to his left foot and ankle, resulting in surgery, continuing impairments, and wage loss damages. *Id.* ¶¶ 23-27.

At the time of the accident, Plaintiff Victoria-Melo was operating a tractor registered in Indiana and a trailer registered in Maine. *Id.* ¶ 23. Plaintiffs allege that the vehicles were principally garaged and operated in Pennsylvania. *Id.* ¶ 12. Travelers issued a commercial automobile insurance policy to Kehe Distributors, Inc. providing liability coverage in the amount of $5,000,000. *Id.* ¶¶ 3-6. The policy was issued and delivered to Kehe Distributors, Inc. in Illinois. *Id.* ¶ 45.

Following settlement of the underlying tort action against the alleged tortfeasor, Plaintiffs sought UIM benefits under the Travelers policy. *Id.* ¶ 30. Travelers denied the claim, asserting that the policy did not provide UIM coverage applicable to the loss. *Id.* ¶¶ 30, 49-50.

On November 14, 2025, Plaintiffs commenced this action in the Court of Common Pleas of Northampton County asserting claims for: (1) declaratory judgment seeking reformation of the policy to provide $5,000,000 in UIM coverage; (2) breach of contract/UIM benefits; and (3) statutory bad faith pursuant to 42 Pa. Cons. Stat. § 8371. *See generally* ECF No. 1-4.

On December 23, 2025, Travelers removed the matter to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, asserting complete diversity of citizenship and an amount in controversy exceeding $75,000. *See generally* ECF No. 1. Plaintiffs thereafter filed the present Motion seeking remand for

lack of subject matter jurisdiction or, alternatively, requesting that the Court abstain from exercising jurisdiction pursuant to the Declaratory Judgment Act ("DJA"). ECF No. 6.

### III.    LEGAL STANDARD

"The initial inquiry in determining whether to grant a petition for remand pursuant to a declaratory judgment action is whether the case originally filed in the state forum was properly removed to the federal court." *Dayton v. Emps. Mut. Cas. Co.*, No. CV 3:20-2416, 2021 WL 4786383, at *1 (M.D. Pa. Oct. 13, 2021) (citations omitted). The DJA does not itself confer federal jurisdiction; rather, a court may exercise jurisdiction under the DJA only if an independent basis for federal subject matter jurisdiction exists. *Id.*

After determining that subject matter jurisdiction exists over a DJA action, a court must then decide whether to exercise that jurisdiction, as the DJA provides that a federal court "may declare the rights and other legal relations of any interested party" upon the filing of an appropriate pleading. 28 U.S.C. § 2201. Although a federal court has the authority to hear a DJA action, it is not obligated to do so. *Dayton*, 2021 WL 4786383, at * 1; *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494 (1942). Rather, courts possess significant, though not unlimited, discretion in deciding whether to exercise jurisdiction, and that discretion is subject to appellate review. *Reifer v. Westport Insurance Corp.*, 751 F.3d 129, 146 (3d Cir. 2014).

In deciding whether to exercise jurisdiction under the DJA, courts consider, among other things, the existence of parallel state proceedings, which both the Supreme Court and the Third Circuit have emphasized as an important factor. *Dayton*, 2021 WL 4786383, at * 2; *Reifer*, 751 F.3d at 143. The absence of a parallel state proceeding gives rise to a rebuttable presumption in favor of exercising jurisdiction. *Dayton*, 2021 WL 4786383, at * 2; *Rarick v. Federated Service Insurance Co.*, 852 F.3d 223, 226 (3d Cir. 2017). Even so, where no such proceeding is pending, a district court that declines jurisdiction must carefully ensure that countervailing considerations outweigh that presumption. *See Reifer*, 751 F.3d at 144.

3

To guide this determination, the Third Circuit in *Reifer* identified several factors that courts should meaningfully consider when deciding whether to grant declaratory relief, including: (1) whether a federal declaration will resolve the uncertainty giving rise to the dispute; (2) the convenience of the parties; (3) the public interest in resolving that uncertainty; (4) the availability and relative convenience of alternative remedies; (5) the general policy of restraint when the same issues are pending in state court; (6) the need to avoid duplicative litigation; (7) the risk that the declaratory action is being used for procedural fencing or forum shopping; and (8) in the insurance context, the potential conflict between an insurer's duty to defend in state court and its effort to characterize that suit in federal court as falling within a policy exclusion. *Reifer*, 751 F.3d at 146.

The eight factors identified in *Reifer* are not exhaustive. *Id.* Courts should also be mindful that, particularly where state law is unsettled or presents close questions, exercising jurisdiction over a declaratory judgment action may be inappropriate. *See State Auto Insurance Companies v. Summy*, 234 F.3d 131, 135 (3d Cir. 2000) (holding that "[w]here applicable state law is uncertain or undetermined, district courts should be particularly reluctant to entertain declaratory judgment actions."). In that regard, district courts must give due weight to the principle that they do not establish state law but instead are limited to predicting how state courts would resolve the issue. *Id.*

IV.     DISCUSSION

a.  **Subject Matter Jurisdiction Exists**

Plaintiffs do not dispute that complete diversity exists between the parties. Plaintiffs are citizens of Pennsylvania, while Defendant Travelers is a Connecticut corporation with its principal place of business in Connecticut. ECF No. 6-3 at p. 1. The sole jurisdictional dispute concerns the amount in controversy. The Court concludes that Travelers has adequately established that the amount in controversy exceeds $75,000.

In determining the amount in controversy in declaratory judgment actions involving insurance coverage disputes, courts examine "the value of the object of the litigation." *Auto-Owners Ins. Co. v.*

4

*Stevens & Ricci Inc.,* 835 F.3d 388, 397 (3d Cir. 2016) (citation omitted). Here, Plaintiffs expressly seek reformation of the Travelers policy to provide $5,000,000 in UIM coverage. *See generally* ECF No. 1-4. Plaintiffs further seek recovery of UIM benefits under the allegedly reformed policy, as well as punitive damages, interest, attorney's fees, and costs under Pennsylvania's bad faith statute. *Id.*

Moreover, the Complaint alleges substantial injuries and damages, including surgical intervention, future medical treatment, wage loss, and a workers' compensation lien exceeding $530,000. *See* ECF No. 1-4 ¶ 44 (alleging that Plaintiff is entitled to recover a $530,795.67 workers' compensation lien). These allegations plainly place more than $75,000 in controversy.

Plaintiffs argue that Travelers failed to establish the amount in controversy because the present record does not conclusively establish the extent of offsets or credits potentially applicable to any UIM recovery. ECF No. 6-3 at pp. 6-7. The Court is not persuaded. The jurisdictional inquiry focuses on the amount placed in controversy by the pleadings, rather than the ultimate amount Plaintiffs may recover after the application of credits, offsets, or defenses. *See Suber v. Chrysler Corp.*, 104 F.3d 578, 586 (3d Cir. 1997) ("[T]he amount in controversy should not be measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated.") (citation omitted). Additionally, Plaintiffs themselves allege in the Complaint that Travelers is entitled to only a $50,000 credit for the tortfeasor's liability policy limits. ECF No. 1-4 ¶ 44 n. 4. Even accounting for that alleged credit, the claims asserted in this litigation unquestionably exceed the jurisdictional threshold.

Accordingly, the Court concludes that diversity jurisdiction exists under 28 U.S.C. § 1332.

### b. Abstention is Not Warranted

Plaintiffs alternatively request that the Court abstain from exercising jurisdiction pursuant to the DJA. The Court declines to do so.

Although district courts possess discretion to abstain from hearing declaratory judgment actions, that discretion is not boundless. *Kelly v. Maxum Speciality Insurance Group*, 868 F.3d 274,

5

281-82 (3d Cir. 2017). *Reifer* instructs courts to consider several factors, including the existence of parallel state proceedings, the convenience of the parties, the public interest in settlement of the uncertainty, and the likelihood that federal jurisdiction is being used for procedural fencing. *Reifer*, 751 F.3d at 146.

Most significantly, no parallel state court proceeding currently exists. This action was removed in its entirety from the Court of Common Pleas, and there is no ongoing state litigation involving the same parties and issues. The absence of a parallel state proceeding weighs heavily against abstention. *Kelly*, 868 F.3d at 288.

Nor does this case present the type of unsettled or novel issue of state law that would counsel in favor of abstention. Plaintiffs contend that the applicability of Pennsylvania's MVFRL to an insurance policy issued outside Pennsylvania presents an unresolved legal question. *See generally* ECF No. 6; *see also* ECF No. 15. The Court disagrees. Section 1731 expressly limits its application to policies "delivered or issued for delivery in this Commonwealth," and Pennsylvania courts have already interpreted and applied that language in analogous circumstances. *See Bamber v. Lumbermens Mut. Cas. Co.*, 680 A.2d 901, 903-04 (Pa. Super. Ct. 1996) (holding that § 1731 of the MVFRL applies only to policies "delivered or issued for delivery" in Pennsylvania, and rejecting the argument that Pennsylvania registration or garaging of a covered vehicle is sufficient to trigger the statute or require reformation to include UM/UIM coverage). Whatever factual distinctions Plaintiffs identify between this matter and *Bamber*, the existence of differing factual circumstances does not render the governing law unsettled. Rather, this case involves the routine application of established statutory language and insurance principles to a particular factual record.

Federal courts within this Circuit have in fact interpreted and applied the MVFRL in varying factual contexts without abstaining from jurisdiction. *See, e.g., Davis v. Nationwide Mut. Ins. Co.*, No. 3:24-CV-328, 2025 WL 2618775, at *3 (M.D. Pa. Sept. 10, 2025) ("Federal courts within the Commonwealth have been called upon time and time again to interpret the MVFRL against a novel set

of facts."). The need to apply existing precedent to new facts does not require this Court to predict or create new Pennsylvania law. Instead, the dispute presents a straightforward coverage question involving statutory interpretation and policy construction, matters federal courts routinely resolve in diversity actions.

After weighing the relevant *Reifer* factors, the Court concludes that abstention is not appropriate.

## V.      CONCLUSION

For the foregoing reasons, Plaintiffs' Motion (ECF No. 6) is denied. An appropriate Order follows.

BY THE COURT:


*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge