**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

| | |
|---|---|
| PABLO VICTORIA-MELO, and | : |
| DASTENIA VICTORIA, | : |
| Plaintiffs, | : |
| | : |
| v. | :    Civil No.:  5:25-cv-07282-JMG |
| | : |
| TRAVELERS PROPERTY CASUALTY | : |
| COMPANY OF AMERICA, | : |
| Defendant. | : |

_____

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                                              **May 28, 2026**

### I.      OVERVIEW

Plaintiffs Pablo Victoria-Melo ("Plaintiff Victoria-Melo") and Dastenia Victoria (collectively, the "Plaintiffs") commenced this civil action against Travelers Property Casualty Company of America ("Defendant" or "Travelers") seeking declaratory relief and underinsured motorist ("UIM") benefits arising from an October 4, 2021 motor vehicle accident involving Plaintiff Pablo Victoria-Melo while acting within the course and scope of his employment as a truck driver for Kehe Distributors, Inc. Plaintiffs allege that Plaintiff Victoria-Melo sustained serious injuries in the accident and contend that the commercial automobile policy issued by Travelers should provide UIM coverage for the loss. Plaintiffs further assert a statutory bad faith claim against Travelers pursuant to 42 Pa. C.S.A. § 8371 based upon Travelers' denial of coverage and refusal to provide UIM benefits.

Currently before the Court is Travelers' Motion to Dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Travelers contends that the subject commercial automobile policy was issued and delivered in Illinois to an Illinois insured and therefore falls outside the scope of Pennsylvania's Motor Vehicle Financial Responsibility Law ("MVFRL"), including 75 Pa. C.S.A.

§ 1731. Travelers further argues that the policy expressly excludes UIM coverage for the accident at issue and that Plaintiffs have failed to plead sufficient facts to state a plausible bad faith claim.

For the reasons set forth below, the Motion will be denied as to Counts I and II and granted as to Count III.

## II.    BACKGROUND[1]

This insurance coverage dispute arises from an October 4, 2021 motor vehicle accident in Falls Church, Virginia. ECF No. 1-4 ¶¶ 22–23. According to the Complaint, Plaintiff Victoria-Melo was employed as a truck driver for Kehe Distributors, Inc. and was unloading goods from a tractor-trailer when a vehicle operated by non-party Wynn Tran struck and injured him. *Id.* ¶¶ 22–26. Plaintiffs allege that Plaintiff Victoria-Melo sustained significant injuries to his left foot and ankle, resulting in surgery, continuing impairments, and wage loss damages. *Id.* ¶¶ 23–27.

At the time of the accident, Plaintiff Victoria-Melo was operating a tractor registered in Indiana and a trailer registered in Maine. *Id.* ¶ 23. Plaintiffs allege that the vehicles were principally garaged and operated in Pennsylvania. *Id.* ¶ 12. Travelers issued a commercial automobile insurance policy to Kehe Distributors, Inc. providing liability coverage in the amount of $5,000,000. *Id.* ¶¶ 3-6. The policy was issued and delivered to Kehe Distributors, Inc. in Illinois. *Id.* ¶ 45.

Following settlement of the underlying tort action against the alleged tortfeasor, Plaintiffs sought UIM benefits under the Travelers policy. *Id.* ¶ 30. Travelers denied the claim, asserting that the policy did not provide UIM coverage applicable to the loss. *Id.* ¶¶ 30, 49–50.

On November 14, 2025, Plaintiffs commenced this action in the Court of Common Pleas of Northampton County asserting claims for: (1) declaratory judgment seeking reformation of the policy to provide $5,000,000 in UIM coverage; (2) breach of contract/UIM benefits; and (3) statutory bad faith pursuant to 42 Pa. Cons. Stat. § 8371. *See generally* ECF No. 1-4.

---

[1] The Court accepts Plaintiff's factual allegations as true, as we must at this early stage.

On December 23, 2025, Travelers removed the matter to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, asserting complete diversity of citizenship and an amount in controversy exceeding $75,000. *See generally* ECF No. 1. Plaintiffs thereafter filed a motion seeking remand for lack of subject matter jurisdiction or, alternatively, requesting that the Court abstain from exercising jurisdiction pursuant to the Declaratory Judgment Act ("DJA"). ECF No. 6. This Court denied the Motion to Remand on May 14, 2026. ECF No. 17.

Additionally, on December 30, 2025, Travelers filed the present Motion to Dismiss, arguing that Pennsylvania's MVFRL and § 1731 do not apply because the policy was issued and delivered in Illinois to an Illinois insured, notwithstanding Plaintiffs' allegations that the vehicles were principally garaged and operated in Pennsylvania and that the policy included Pennsylvania-specific UM/UIM notices and endorsements. ECF No. 5. Plaintiffs responded on January 13, 2026, reiterating that § 1731 applies based on the vehicles' Pennsylvania garaging and operation, the policy's contemplated Pennsylvania risks, and Travelers' inclusion of Pennsylvania-specific UM/UIM materials. ECF No. 8-2.[2]

## III.   LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*,

---

[2] The Court respectfully reminds the parties to adhere to Judge Gallagher's Policies and Procedures regarding applicable page limitations. *See* Policies and Procedures, Gallagher, J., at pp. 8–9.

809 F.3d 780, 786 (3d Cir. 2016) (internal quotations and citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A court is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Wheeler v. Wheeler*, 639 F. App'x 147, 149 (3d Cir. 2016) (quoting *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013)).

IV.    ANALYSIS

a. **Plaintiffs Sufficiently Plead Their Declaratory Judgment and Breach of Contract Claim (Count I and II)**

The central dispute concerns whether Plaintiffs have plausibly alleged that Pennsylvania law, specifically § 1731 of the MVFRL, applies to the Travelers policy notwithstanding the policy's apparent issuance and delivery in Illinois. Section 1731 applies to policies "delivered or issued for delivery in this Commonwealth, with respect to any motor vehicle registered or principally garaged in this Commonwealth." 75 Pa. C.S. § 1731(a).

Travelers argues that § 1731 is inapplicable as a matter of law because the policy was issued to Kehe Distributors, Inc. at an Illinois address and contains Illinois forms and endorsements. ECF No. 5 at 10–13. In support, Travelers relies heavily on *Bamber v. Lumbermens Mutual Casualty Co.*, in which the Pennsylvania Superior Court declined to apply § 1731 to a commercial automobile policy issued outside Pennsylvania despite the involvement of a Pennsylvania-registered vehicle. 680 A.2d 901 (Pa. Super. Ct. 1996); *see id.* at pp. 11–12. Travelers' position may ultimately prevail once the factual record is more fully developed. At the pleading stage, however, the Court cannot conclude that Plaintiffs have failed to state a plausible claim.

Here, Plaintiffs allege that the tractor and trailer involved in the underlying accident were proportionally registered in Pennsylvania pursuant to the International Registration Plan ("IRP"), principally garaged in Pennsylvania, operated from a Pennsylvania base, and assigned to a Pennsylvania employee who resided and worked in the Commonwealth. ECF No. 8-2 at pp. 22–25.

4

Plaintiffs further allege that the policy contemplated Pennsylvania-based operations and included Pennsylvania-specific notices and endorsements relating to UM/UIM coverage. *Id.* at pp. 13–14. These allegations, taken as true, distinguish this case from the more attenuated Pennsylvania contacts at issue in *Bamber*.

Plaintiffs also rely on *Douglas v. Discover Property & Casualty Insurance Co.*, where the court held that a commercial fleet policy issued through centralized procurement outside Pennsylvania could nonetheless be deemed issued for delivery in Pennsylvania where it specifically contemplated Pennsylvania-registered and garaged vehicles. 810 F. Supp. 2d 724 (M.D. Pa. 2011). The Court expresses no opinion at this stage regarding whether *Douglas* or *Bamber* ultimately controls. That determination will likely depend upon a more fully developed factual record concerning, among other things, the structure of the policy, the nature and extent of the Pennsylvania fleet operations, the risks the parties intended to insure, the circumstances surrounding procurement of the policy, and the parties' expectations with respect to Pennsylvania-based vehicles.

Separate from the statutory applicability issue, Travelers also argues that the policy unambiguously excludes UIM coverage for the accident at issue. ECF No. 5 at pp. 4–7. Plaintiffs, however, plausibly allege that certain policy provisions, coverage symbols, and Pennsylvania-specific notices create ambiguity as to whether Pennsylvania UIM coverage existed absent a valid statutory rejection. Plaintiffs further point to an "IMPORTANT NOTICE – REJECTION OF UNINSURED AND/OR UNDERINSURED MOTORISTS COVERAGE – PENNSYLVANIA," which they contend reflects an understanding that Pennsylvania's statutory rejection requirements were implicated. ECF No. 8-2 at pp. 13–14.

Although Travelers disputes that interpretation and notes that the notice expressly states it does not amend the policy, the Court cannot resolve that dispute on the present record. Nor can it determine at this stage whether the alleged Pennsylvania contacts are legally insufficient under § 1731 as a matter of law.

Accordingly, dismissal of Counts I and II is not warranted.

### b. Plaintiffs Fail to Plead Their Bad Faith Claim (Count III)

The Court reaches a different conclusion with respect to Plaintiffs' statutory bad faith claim.

Under Pennsylvania law, a plaintiff asserting bad faith must plausibly allege that Defendant: (1) lacked a reasonable basis for denying benefits and (2) knew or recklessly disregarded its lack of a reasonable basis. 42 Pa. Cons. Stat. Ann. § 8371.

Even assuming Plaintiffs may ultimately succeed on their coverage theory, the Complaint does not plausibly allege that Travelers lacked a reasonable basis for denying the claim. To the contrary, Travelers' position is supported by the plain language of § 1731, the policy's Illinois issuance and delivery information, and existing Pennsylvania authority interpreting the "delivered or issued for delivery" requirement, including *Bamber. See* 75 Pa. C.S. § 1731(a) ("delivered or issued for delivery in this Commonwealth, with respect to any motor vehicle registered or principally garaged in this Commonwealth.").

This case presents a legitimate and substantial legal dispute regarding the applicability of Pennsylvania's MVFRL to a multistate commercial fleet policy. Pennsylvania courts have repeatedly recognized that where an insurer advances a reasonable legal position in a genuinely disputed coverage matter, bad faith cannot be established merely because the insurer's position is later rejected. *See, e.g., Krueger v. GEICO Cas. Co.*, No. 1:19-CV-279-SPB, 2020 WL 13880662, at *10 (W.D. Pa. Sept. 28, 2020) ("Even if the insurer's position on coverage ultimately turns out to be erroneous, no claim will lie for bad faith if the insurer's position was objectively reasonable") (*citing Nw. Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 137 (3d Cir. 2005) (an insurer's denial of a claim does not constitute bad faith "if it is based on a reasonable legal position in an unsettled area of the law"), *Employers Mut. Cas. Co. v. Loos*, 476 F. Supp. 2d 478, 496 (W.D. Pa. 2007) ("Pennsylvania law does not recognize bad faith where an insurer makes a reasonable legal conclusion based on an area of the law that is uncertain or in flux")); *Ettinger & Assocs., LLC v. Hartford/Twin City Fire Ins. Co.*, 22 F. Supp. 3d 447, 458 (E.D.

Pa. 2014) (*citing Morrison v. Mountain Laurel Assurance Co.*, 748 A.2d 689, 691 (Pa. Super. Ct. 2000)).

The Complaint contains no well-pleaded factual allegations plausibly suggesting that Travelers acted dishonestly, recklessly, or with knowledge that its coverage position lacked a reasonable basis. Rather, the allegations reflect an ordinary coverage dispute involving unsettled and fact-intensive legal questions.

Accordingly, Count III will be dismissed. Because amendment may not necessarily be futile, dismissal will be without prejudice.

## V.      CONCLUSION

For the foregoing reasons, Travelers Motion to Dismiss (ECF No. 5) is granted in part, and denied in part. An appropriate Order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

7